# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Charles W. Parsons,**
**Petitioner Below, Petitioner**

**FILED**

May 1, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0822** (Wood County 13-P-83)

**David Farmer, Administrator, Southwestern Regional Jail,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles W. Parsons, appearing *pro se*, appeals the order of the Circuit Court of Wood County, entered July 29, 2014, denying his petition for writ of habeas corpus. Respondent David Farmer, Administrator, Southwestern Regional Jail,[1] by counsel Shannon Frederick Kiser, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2011, a Wood County jury convicted petitioner of one count of first degree robbery. The circuit court sentenced petitioner to forty years in prison. Petitioner appealed his conviction in *State v. Parsons*, No. 12-0760, 2013 WL 2157697 (W.Va. Supreme Court, May 17, 2013) (memorandum decision) ("*Parsons I*"). In *Parsons I*, this Court rejected petitioner's assignments of error and affirmed his conviction. *Id.* at \*3.

On June 28, 2013, petitioner filed a petition for writ of habeas corpus. The circuit court subsequently appointed habeas counsel who filed an amended petition on petitioner's behalf that, in pertinent part, alleged ineffective assistance of trial counsel.[2] Respondent administrator filed an

---

[1] Petitioner is in the custody of the West Virginia Division of Corrections and presently resides at Huttonsville Correctional Center. However, apparently, at the time of the filing of petitioner's habeas petition, petitioner was incarcerated at the Southwestern Regional Jail.

[2] While petitioner only raises ineffective assistance of trial counsel on appeal, his amended petition asserted the follow additional grounds of relief: (1) insufficiency of evidence; (2) prejudicial pretrial publicity; (3) coerced statement; (4) excessive bond; (5) illegal arraignment; (6) failure to disclose grand jury minutes; (7) improper instructions; (8) improper communications

1

answer to the amended petition. The circuit court then held an omnibus evidentiary hearing on April 24, 2014. Petitioner testified in support of his petition, while respondent administrator called petitioner's trial counsel to testify.

Following the omnibus hearing, the circuit court denied the petition by an order entered July 29, 2014. In its order, the circuit court, in pertinent part, rejected petitioner's claim that trial counsel was ineffective because counsel absented himself from a critical stage of the proceedings. The circuit court noted that the jury requested to view the video recording of the robbery during their deliberations[3] and that technological issues required that the jury be brought into the courtroom to view the video recording.[4] It is evident from the trial transcript that petitioner's counsel was present when the circuit court stated that "we need the [recording]" because counsel replied, "[c]orrect." The circuit court further found that petitioner's counsel was still present when the court inquired of the jury which of three video clips they desired to view, noting that (1) counsel left the courtroom during the time in which "the video clip the jury wanted to see was played";[5] and (2) there was approximately ten minutes of silence while the jury viewed the video clip of the actual robbery, "except for what appears to be the courtroom door opening and closing, apparently when trial counsel went to and returned from the restroom."[6]

For purposes of its decision, the circuit court accepted petitioner's position that the jury viewing the video recording during deliberations constituted a critical stage of the trial. However, the circuit court determined that even if counsel was ineffective in absenting himself from the jury's actual viewing of the video clip, the error "was harmless beyond a reasonable doubt."[7] The circuit court explained, as follows:

---

between prosecutor and jury; (9) jury denied access to crucial exhibits; (10) excessive sentence; (11) failure to grant mistrial after witness referenced petitioner's incarceration; and (12) failure to grant mistrial after witness referenced domestic battery charges that had been severed.

[3] At the omnibus hearing, counsel testified that the jury previously watched the video recording during the State's case-in-chief.

[4] The circuit court determined that the nature of the video recording required it to be played on the prosecutor's computer.

[5] Counsel testified at the omnibus hearing that he needed to go use the restroom in order to "to avoid an emergency."

[6] In addition to reviewing the relevant portion of the trial transcript, the circuit court also listened to the court reporter's audio recording of the time that the jury was brought into the courtroom to view the video recording.

[7] *See* Syl. Pt. 5, *State ex rel. Grob v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975) ("Failure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt.").

2

. . . At the habeas corpus evidentiary hearing, trial counsel testified that he left the courtroom to go to the bathroom during the playing of the video and that when he returned the video was still playing. The recording of the proceedings conducted by the court reporter continued. It is silent during this time period. Trial counsel was present during a discussion that occurred prior to the jury being brought back into the courtroom to view the videos. . . . Petitioner's Brief argues that the prosecuting attorney had free reign on determining which of the 3 videos were reviewed by the jury and "that the prosecutor chose to show just one tape." . . . This statement is not supported by the record. [The trial transcript reflects] a discussion . . . between the Court and the jury as to which of the 3 videos they wished to review. The only role the prosecuting attorney played was to show the video the jury wanted to see.

Trial counsel knew what was on the video. He was provided copies of all three videos in discovery. Trial counsel even indicated that he wanted the video that the jury viewed admitted into evidence because he believed that it helped his case because it did not show (in his opinion) that there was any knife in the possession of the person who was allegedly the robber. . . .

(Footnote and citations to record omitted.) Accordingly, the circuit court denied the ineffective assistance claim because "[t]he audio recording of the trial . . . continued in [counsel's] absence and shows that nothing occurred while he was gone."

Petitioner now appeals the circuit court's July 29, 2014, order denying his habeas petition. We apply the following standard of review in habeas cases:

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner raises as his only assignment of error—the circuit court's determination that counsel's absence from the courtroom during the jury's actual viewing of the video clip as part of their deliberations constituted harmless error. Because the circuit court accepted petitioner's contention that counsel was absent from a critical stage of trial, petitioner argues that a harmless error analysis was not appropriate. Respondent administrator counters that the circuit court's decision was correct and should, therefore, be affirmed.

We note that in West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

3

would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). The second prong of this test is often referred to as the prejudice prong. We find that while the circuit court used the language of a harmless error analysis, the court evaluated petitioner's ineffective assistance claim under the *Strickland/Miller* standard: the circuit court assumed, for purposes of its decision, that counsel's performance was unreasonable because he was absent from the jury's actual viewing of the video clip during deliberations,[8] but found that the error did not prejudice petitioner because (1) counsel was present in the courtroom through the colloquy between the circuit court and the jury about which video clip they wanted to see and until the video was playing; (2) during the time the video was playing, nothing else happened; and (3) counsel returned before the video finished.

Petitioner contends that a case where counsel is absent from a critical stage of trial is an instance in which a reviewing court should presume that the prejudice prong has been satisfied. In *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 321, 465 S.E.2d 416, 423 (1995), we noted that in *United States v. Cronic*, 466 U.S. 648, 658 (1984)—upon which petitioner relies—the Supreme Court of the United States indicated that "some types of ineffective assistance are so egregious that prejudice should be presumed." However, we explained that the timing of counsel's deficient performance—whether it occurred at a critical stage of the proceedings—was not as important as whether the deficiency allowed the State's case to move forward without meaningful adversarial testing, stating as follows:

> In *Cronic,* the Supreme Court indicated that an attorney's representation could be presumed ineffective under the Sixth Amendment if, by failing to appear at a critical stage or otherwise, he or she failed to subject the prosecution's case to adversarial testing. [citation omitted] To establish a violation under *Cronic,* a petitioner must demonstrate that he or she suffered the equivalent of a complete absence of counsel.

*Legursky*, 195 W.Va. at 325, 465 S.E.2d at 427. We find that petitioner did not suffer a complete absence of counsel for the reasons given by the circuit court and set forth herein.[9] We conclude

---

[8] A court may assume that counsel's performance was deficient and reject an ineffective assistance claim for a failure to meet the prejudice prong. *See* Syl. Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995).

[9] Petitioner contends that contrary to the circuit court's findings, counsel left the courtroom before the court inquired of the jury about which video clip they desired to view and did not return until after the video was finished playing. While we review the ultimate legal claim of ineffective assistance of counsel *de novo*, a circuit court's findings of underlying predicate facts are reviewed only for clear error. *See State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 320, 465 S.E.2d 416, 422 (1995). In the instant case, the circuit court credited counsel's testimony over petitioner's with regard to when counsel left the courtroom and when he returned. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995); *see Legursky*, 195 W.Va. at 327, 465 S.E.2d at 429 ("In cases where there is a

that petitioner's ineffective assistance claim lacks merit and, therefore, that the circuit court did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 1, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

conflict of evidence between defense counsel and the defendant, the circuit court's findings will usually be upheld."). Accordingly, we do not disturb the circuit court's determination that counsel was the more credible witness and sustain the findings made on the basis of that determination.